# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:10CV-P36-M

WILLIAM ROYAL PETREY                                                    PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                                RESPONDENT

## MEMORANDUM OPINION

Petitioner William Royal Petrey filed a *pro se* petition for writ of habeas corpus on his own paper by his own hand (DN 1). The petition mentions Webster County in the caption, and in the body it references various Kentucky statutes as well as RCr 11.42 and asks the Court to set aside or vacate his sentence and release him. In response to a deficiency notice issued by the Clerk of Court, Petitioner paid the $5.00 filing fee. He also filed a letter (DN 4). In the letter, Petitioner lists a Kenton Circuit Court criminal action number (08-CR-00586) in the caption, mentions a trial in Kenton County, and appears to advise that he filed his petition in this Court because he is being detained in the Webster County Detention Center. He also complains that during his incarceration in Webster County over the past two months, he has been denied medical assistance; proper food, shelter, attire, and exercise; and a legal library.

By Order entered April 8, 2009, the Court advised Petitioner that to the extent he intended to file a state court RCr 11.42 motion to vacate, set aside, or correct his sentence, this is not the proper Court in which to file such an action. The Court further advised Petitioner that his complaints about the conditions at the Webster County Detention Center are not proper challenges under § 2254 and must be brought under 42 U.S.C. § 1983. Finally, with respect to the habeas petition, the Court ordered Petitioner to complete and return a Court-approved § 2254 form, clearly indicating the conviction he is challenging, in which state court the conviction and

sentence were imposed, all claims of error, the steps taken to exhaust each claim, and the name of the proper Respondent. The Court warned Petitioner that his failure to complete and return the § 2254 form within 30 days would result in dismissal of this action without prejudice.

A review of the record reveals that Petitioner has not complied with the Court's Order or shown cause for said failure. Accordingly, the Court will dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a prior Order of this Court and for failure to prosecute.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Petitioner, *pro se*
4414.005